Hayes vs. Wal-Mart Hayes vs. Wal-Mart Good afternoon, Your Honors. I'm John Papiano from Montgomery-McCracken, Walker & Rhodes. I represent the appellant, Wal-Mart Stores, Inc., doing business as Sam's Club. I've reserved three minutes for rebuttal. Obviously, the Marcus case that was authored by Judge Ambrose is a key case here now. Well, that's right, and the timing was interesting because it came out the day after I filed my opening brief on appeal. The district court here made several fundamental errors and mistakes that require reversal of its class certification decision. It abused its discretion in finding plaintiffs satisfied the ascertainability requirement, the numerosity requirement, and the predominance requirements of Rule 23. Now, first, with respect to ascertainability, the district court applied the wrong legal standard. The district court believed that a class is ascertainable if it is defined by objective criteria, that that alone is sufficient to satisfy the ascertainability requirement. And as we argued and as Marcus makes clear, really the crux of ascertainability is, is there a reliable, administratively feasible way to determine who is a member of the class? You've only got 3,500 possibilities. What's wrong with asking a class member if that class member meets the qualifications for this particular class? And then, if the person says so, then you might do some analysis or very quick checking or even spot checking as to whether they're actually telling you the correct statement that would put that person in the class or not. Right now, we have 3,500 people. We would need to multiply. There are about a half dozen inquiries that would need to be asked to determine whether that individual is a member of the class. First, we would have to know whether they purchased a service plan for an as-is item. We only know that there are approximately 3,500 transactions involving the sale of a That's the only exclusion that I could see in the district court's decision. Purchase of an as-is product. That would be the category excluded from the 3,500. Well, the problem is we don't know the reasons that the item was subject to a price override. The only way to know, there are multiple reasons an item may be subject to a price override and as-is item being one of them. The only way to answer that question would be to ask each of the 3,500 people, was your item subject to it? First, That's fine, but I thought the court took that into account but established only one exclusion, which is the purchase of an as-is product with a manufacturer's warranty. That's one exclusion. So the service plan terms and conditions exclude from coverage as-is items covered with a manufacturer's warranty. So once you've asked whether the 3,500 individuals purchased service plans for as-is items, you then need to ask, did your as-is item come with a manufacturer's warranty? Or was it serviced? Or was it serviced? Or was it a last one item? Or did you receive a reimbursement for the cost of the service plan? These are all exclusions identified by the district court. The plaintiff's testimony here I think underscores why this can't be done in an administratively feasible way. When I asked him at his deposition, did your as-is item come with a manufacturer's warranty, he testified, I don't know. These are the types of inquiries that we would need to get into. SAMHSA would have a due process right to cross-examine each of these people, determine whether, in fact, they have claims to assert. And that's the problem. Should this be done at the certification stage, or can it be done after the certification? It has to be done at the certification stage. I mean, Dukes and Marcus and Hydrogen Peroxide make clear that when you're determining whether to certify a class, you need to ask if each of the elements of Rule 23 have been satisfied at the time of class certification. You can't do it afterward. And with respect to ascertainability, that's the crux of this problem. The district court never in its opinion asked administratively, how is it that we're going to determine, what is the common class-wide method for determining each of these 3,500 people have a claim? Why couldn't you do it after a process of notice? Broad notice to determine whether there are others who are, I mean, you're really talking about a geographic limitation. It's just New Jersey. And you're only talking about a temporal limitation also. It's 2004 to the present. So it's not a big class, and it's not that problematic, is it, to send notice, public notice, within the state of New Jersey? Well, now you're talking about really an opt-in class, which this is a Rule 23. I mean, this is an opt-out class. I mean, if we sent notice to 3,500 people and got 50 responses or 20 responses or 10, what are we doing with the claims of, are we extinguishing the claims of people who did not respond to the notice? I mean, Walmart or Sam's is entitled to a final judgment on the merits here. And what you're now doing is litigating by notice and just adjudicating a handful of claims of people who may have responded to a notice. And the problem goes back, I think, to hydrogen peroxide, and that really is that you need to establish that you've met the elements of class certification at that time, not afterward. With respect to numerosity, the district court abused discretion in finding the class was sufficiently numerous. Here, there is no evidence of a single class member. Unlike in Marcus, he at least demonstrated that he was a class member. Here, the plaintiff testified that he did not know if he purchased an as-is item that came with the manufacturer's warranty. So right now, we don't know if there are any class members. And Dukes makes clear that the plaintiff has a burden to affirmatively demonstrate that there are, in fact, sufficiently numerous parties. And in Marcus, Judge Ambrose said that that can be shown by direct evidence of the number of class members or sufficient circumstantial evidence that would permit a district court to make a finding of fact by a preponderance of the evidence that the numerosity requirement has been satisfied. You said that even if 5% of the overrides involved as-is purchases with the Sam's Club service plan, that would be 175. And I would go back. I'd respond with Judge Ambrose's statement in Marcus that even a bet worth making is not a factual finding by a preponderance of the evidence. There's no evidence in this record of the 3,500 people that... It seems like a very exacting request to make a factual finding of the precise number of individuals who would qualify as a class member at this point. And I'm not advocating that you need to identify precisely how many class members there are. But just as in Marcus where there were several manufacturers of tires, for example, that could be a fit on a BMW. I mean, here there are multiple reasons why an item can be subject to a price override. And there's no evidence, for example, of the distribution of reasons why an item was subject to a price override. For example, 1% are as-is or 90% are as-is. There's something, some evidence that a district court could use to make a finding that numerosity was satisfied. Right now it's just pure speculation. And that analysis just gets you to whether someone purchased a service plan for an as-is item. You're then adding a layer of speculation as to how many actually fit the class definition the court served. And there's just no evidence of how many were as-is items came in the manufacturer's warranty or were last one items or people who got service. Part of the problem here is, I mean, look, Marcus came out after this case was over. And so the district judge, Judge Mantle, didn't have this before him. Why not just remand the case and ask the district judge to take a look at it in light of Marcus? The, there's no reason to do that based on this record. The evidence is in, and the evidence shows there's no way to determine who is a member of the class based on this record. You'd still, you would still need. And if you're right, maybe he'll come to that same conclusion. And that's on, in fairness to Justice Mantle, that is on the ascertainability requirement. But with respect to numerosity and predominance, those elements were well established even before Marcus came down. Duke's was out. Obviously, hydrogen peroxide was out. And there's no common classified method that either plaintiff or the district court articulated that will establish each of the elements of the claims that the absent class members assert. The only way to do this would be to conduct these types of individual inquiries. The problem, I mean, one problem I see is this information, I mean, to do the fact finding that I think you recommend is within the information of Walmart, not the plaintiffs. So what would you do in a case like that? It seems like they've presented the best evidence of it. The, I mean, Marcus dealt with a situation where the question is, Sam's Club's records are what they are. We do not track the reason why items are subject to price overrides. But it is because of the evidence that you have that plaintiffs cannot bring, it seems to me unfair that plaintiffs cannot bring their case because of records that you have or don't have. It's the plaintiff's burden to establish each of these elements. Sam's Club's records are what they are. I can't deny that. But that's, there's no adverse inference that can be drawn against Sam's Club in this case that would permit a district court to make necessary findings of fact based on the evidence. The evidence is what, and I would like to add with respect to the, whether or not this item comes with a manufacturer's warranty, for example,  the testimony of Donna Fellows and the declaration of Heidi Petulik, I mean, she makes clear that whether an item that's on a clearance shelf comes with a manufacturer's warranty and whether, is really a question of just looking at the warranty itself and whether it applies. That's, Sam's Club does not make that determination. Any other questions? Good. Thank you very much. Thank you, Your Honors. Mr. Lipinski. Good morning. Good afternoon, Your Honors. Good afternoon, yes. My name is Dan Lipinski. I'm from Newmont's Law Firm here on behalf of Plaintiff William Hayes in a certified class. Let me ask you the same question I asked Mr. Papiano. In light of case law coming down that adds clarification that Judge Samandel didn't have before him, why not simply just remand and allow Judge Samandel to deal with this? It's a good question, but I don't think that there's a need for a remand in this situation, Your Honor. Certainly what your opponent says, too. And that's why it's laid here before the feet of this court. A couple different reasons. First of all, the analysis before this court is for an abuse of discretion of whether or not Judge Samandel abused his discretion. And I think the record in his opinion is clear that he did not abuse his discretion. Secondly, I think the Marcus case helps to clarify why Judge Samandel's opinion was correct. First of all, as it relates to ascertainability, the Marcus case differs from this case in the following regard. In Marcus, the class was defined as such that the court would not be able to determine whether someone was injured without doing an individual inquiry as to whether or not someone had suffered a flat on their run-flat tire and had to return the tire. They would have had to go out to every potential class member and make a determination of every potential class member as to whether or not, after the purchase of the vehicle, injury had occurred. In the Sam's Club case, the injury occurs at the time of sale. Defendant's records show the 3,500 transactions that involved a price override at the simultaneous sale of a service plan. The injury occurs at that time. That class is defined right there. The notice that goes out may be overbroad, and it may provide notice to individuals who purchased the last one item, which, as the record was clear in Judge Samandel's opinion, only approximately 40 people fall into that category. But the injury occurred at the time of sale, and because it occurred at the time of sale, you're able to objectively define the class so that a person can understand, in reading the class definition, whether or not I'm a member of the class. Just in connection with this particular plaintiff, he bought a TV, which had service, so it's excluded, and the washer, he doesn't know if he got this particular warranty package with it. Well, the washer, he testified, first of all, when he filed the complaint, he alleged in the complaint that the washer was as-is and that it had the service plan. Then he testified that he wasn't aware at the time whether it had a manufacturer's warranty. But there's no information provided by the defendants at the time of sale. There's no information provided by defendants or maintained in their records. This is really up to you to show that he's a member of the class, right? Well, he's a member of the class, Your Honor, because he purchased an as-is product. He purchased a service plan to go along with that product. He's a member of the class. That's an objectively defined class. He's publicly excluded if there's a manufacturer's warranty, right? And defendants, as an affirmative defense, have the ability to come back and show information that there's a reason that the individual may be excluded from the class and not entitled to damages. And in that situation, Your Honor, defendants, by a preponderance of the evidence, must be able to support that. If you adopt defendant's argument that before a class is ascertainable, everyone has to be identified and everyone has to be known, then there would be no reason for a broad notice. There would be no reason, as the Manual for Complex Litigation calls, best notice practicable. Because if you follow defendant's argument, you would have to have the identity of every class member before you sent notice out. And that's not what the purpose of an ascertainable class is. That's not what the purpose of notice is. Notice is to send the best notice practicable so that a potential plaintiff, a potential class member, can look and say, I fit into that, my due process rights are at issue here, and I need to either act if I want to protect them or not act and be bound by it. Your comment, I think, is consistent with the statement in Marcus that it's the class that has to be ascertained. Do you know of any case that requires each class member to be identified? Not at the notice stage, Your Honor. To satisfy the ascertainability requirement? Not at the notice stage, Your Honor. Again, the purpose of notice and the purpose of an ascertainable class is so that a potential class member, when they see a notice, whether it's a publication notice or whether it's a direct notice, realizes that their rights are being put before court and they need to act to protect their rights or to accept what the decisions of the court will be and be bound by those decisions. Tell me again what the notice was in this case. The... The class was defined as all consumers who, from January 26, 2004 to the present, purchased from Sam's Club in the state of New Jersey a Sam's Club service plan to cover as-is products. Excluded from the class are consumers whose as-is products were covered by a full manufacturer's warranty, was a last one item, consumers who obtained service on their product, and consumers who have previously been reimbursed for the cost of the service plan. Now... Don't you have to do an individual fact-finding with regard to anyone proposed to see if they fit into any of those four exclusions? You don't, Your Honor. Not at the notice stage and not at the class certification stage because inclusion and exclusion are inextricably intertwined. You're either included or you're excluded. And the fact that the court took the extra step to highlight those individuals that would be excluded, it doesn't diminish the ascertainability of the class and it doesn't diminish the soundness of the class definition. But don't you have to... I mean, you have to make an inquiry. Okay, you bought an as-is item and it had a service plan. Okay, and then you have to go, okay, did that as-is item that had the service plan, did it also have a manufacturer's warranty? Was it a last-one item? Had it previously been serviced like the TV was here? Or was there a reimbursement? I mean, I think you... Otherwise, you're not a member of the class. Your Honor, you're a member of the class, okay, because you purchased an as-is product and because you purchased a service plan to go along with that as-is product. You're not entitled to damages, okay? At the time of the sale, you've been injured and you're a member of the class. Now, you're not entitled to damages, and that's not a class certification issue. That's a damages issue that defendants can bring up as an affirmative defense if you've been provided with a refund. You may not be able to establish, before you get to damages, there may have to be individual inquiries as to all these individual matters which relates to commonality, predominance, manageability. Well, as the district court found, the issues of predominance were satisfied. I understand, but the district court may have been wrong. Well, I don't believe that the district court was wrong, Your Honor, because I believe that the district court looked at the common questions that existed, primarily whether or not the activities of Sam's Club were unlawful, looked at the typicality between the plaintiff and between all the class members, found that the common issues would predominate over individual issues. That I understand, but he may have been wrong on that. It's my position that he wasn't wrong, Your Honor. One of the points that has to be raised here is that there is a point where the burden shifts to defendant to be able to provide affirmative defenses, and affirmative defenses don't in and of themselves undercut class certification. Sure, that's correct. But, you know, there's sometimes that matters have to be maintained either individually or perhaps through joinder and not through class actions, and that's what all these rules are designed to figure out. Understood, and in this particular situation, Your Honor, defendants would have records because they're the ones that provide the refunds to the client. So defendants would have records to be able to say, here are the individuals that would be excluded from the class because a refund has been provided. Third party, NEW, who provides service would have the ability to be able to provide records that say, out of these 3,500 people, here are the individuals who sought service and were provided service, and they are also therefore excluded. So it wouldn't have to be an individual plaintiff by plaintiff issue. The records would be available through defendants in order for them to assert their affirmative defenses to the extent they wanted to. But that is something that the court would have to deal with post-certification on an individual basis, and that could cause problems on manageability and predominance. What I will say is this, Your Honor, to the extent that that may cause issues on predominance and manageability, the court, the district court, has the ability and its discretion to revisit that down the road. That's one of the reasons that class certification is a tentative ruling. And it's a ruling... It is not a tentative. No, it can be. The Advisory Committee on Civil Rules did away with conditional certification. It's certainly true that the trial court can always revoke the certification decision, but it's not supposed to be a tentative ruling. It's supposed to be a ruling based on the evidence presented at the time of class certification. Tentative was an improper word for me to use there, Your Honor. My point is exactly what you said. Class certification is a ruling where down the road, after additional merits discovery has taken place, a court can choose to or the parties can motion to the court to reconsider the issue of class certification. That's not the normal way of handling class certification decisions. That, you know, if there's... We have a low threshold, and then you can... If there's a problem, you can correct it later on. I don't think that it would be correction of a problem later on because up front there was a low threshold, Your Honor. And I'm not trying to imply that Chief Judge Simandl had a low threshold in this situation. To the contrary, Judge Simandl applied a rigorous analysis in certifying this class. He analyzed all of the facts that were in front of him, and he recognized, as I've argued here, that at some point defendants have to be responsible for asserting affirmative defenses and that the affirmative defenses will not undercut certification because in any class, defendants can and would have the right to be able to assert an affirmative defense against every class member. So the court, in its discretion, and it was not an abuse of discretion, found that in this situation, it would not be unmanageable and the court's time would not be overtaken by dealing with individual issues. That the information that the court had available to it, they would be able to manage. It would be administratively feasible for them to know who was in the class and who was not in the class. In regard to the numerosity issue, defendants argued that there was no evidence in front of the court to establish that even a single class member existed. Well, you argue just the opposite end of the spectrum, that the burden's on Walmart to prove that 3,500 transactions are anything other than as is, but isn't that a burden on you? The burden on me, Your Honor, is to show that there is a pool of class members. The evidence that was put forth, and again, it was brought up, this is all the evidence that Walmart had. Walmart had no other information. It showed that there were 3,500 transactions, 3,500 class members that were subject to this issue. Purchase of a, and as is, product, simultaneous purchase of a service plan to cover that product, even though it was excluded pursuant to the terms of the service plan. But as to how many people were actually in the class, and I realize, I mean, I hear you just have to get over a low threshold, but what we have said is, you know, guesstimates don't work. Well, it's not a guesstimate, Your Honor. What the court said was, I have in front of me 3,500 people. Defendants are now coming back, and they're trying to undercut that number, and they're trying to undercut that number by asking me to speculate as to how many of those people may be last one purchases, and I have in the record that it was only approximately 40 people. That doesn't destroy numerosity. Defendants are asking me to speculate as to how many people may have purchased this as a display item that was covered by a manufacturer's warranty, but they provide me with no evidence, even though it's their burden, if they're going to make that argument, it's their burden by a preponderance of the evidence to show that there were actually people who did have a product that was covered by a full manufacturer's warranty. Defendants offered nothing, and that's why the court said, plaintiffs have met their burden. In my discretion, I feel numerosity is satisfied. Defendants have provided nothing in order to undercut that. Defendants have done nothing but speculate as it relates to their arguments as to why the number should be anything less than 3,500. By the way, final question from me. How do you support the statement in your brief, you had footnote 6 on page 8, that as is products never come with a manufacturer's warranty? In the record, there is an email dated July 16, 2009 from Donna Fellows who was a 30B6 representative for Walmart stores. She was the individual that was the liaison between NEW, the provider of service manufacturers. She was the point person for service issues. She was sending an email to a Ms. Tiffany Corwin in questions regarding extended warranties. But I thought NEW acknowledged that certain items may or may not come with a manufacturer's warranty. Certainly. This is Walmart's statement. Service plans are not available on refurbs, returns, repaired items, open box, or display items. That's a statement, a 2009 email from Donna Fellows, the 30B6 Walmart witness, stating service plans are not available on refurbs, returns, repaired items, open box, or display items. All of the types of items that we're dealing with here, exclusive of the as is items that are part of it. Thank you. If anyone else has any questions, thank you very much for your time, Your Honor. Thank you very much, Mr. Lipinski. Mr. Papiano? As you're coming up, Mr. Papiano, maybe you can deal with that last question first. Absolutely, Judge Ambrose. The service plans terms and conditions expressly contemplate the fact that there will be as is items that come with manufacturer's warranties, and that's why it excludes as is items from coverage unless they do, in fact, come with a manufacturer's warranty. Donna Fellows testified at her deposition that whether an as is item came with a manufacturer's warranty is a question you'd have to ask the manufacturer whether the warranty is still valid upon sale of the transaction. With Donna Fellows, and there's evidence of this in the record, what Donna Fellows is saying is she, and there's evidence, there's another email which supports this, her position is just don't sell service plans for clearance items or as is items just because whether or not a warranty would, as in the terms of her words, bomb out because too many hands were touching it or for various other reasons, then you get into the question of should the cashier sell the service plan. Just avoid it, and her position is, and she was advocating this to SAMS, is just don't sell service plans for as is items just to avoid the question. But the fact is that there are as is items that come with manufacturer's warranties. An entire category of as is items were called last one items. These are brand new items that were on a shelf. They're still sealed, still in the box. SAMS Club wants to clear out remaining inventory, so they just move the item to the as is section. There's a warranty inside the box, and it applies, and the district court recognized this, and that's why the district court excluded that category of items from the class. Also, the district court never made a finding that there are no as is items that come with a manufacturer's warranty because it couldn't make that finding based on the record. The record supports the fact that there are as is items that come with manufacturer's warranties. A couple, I think the biggest problem with plaintiff's analysis here is that he's seeking really to shift the burden to us to show that a class should not be certifiable. I mean, it's clear under hydrogen peroxide in Dukes and Marcus that it's the plaintiff's burden to establish each of the elements of Rule 23 have been satisfied, and it hasn't done that here. With respect to plaintiff's argument that the injury occurs at the time of the transaction, the problem with that is no injury occurs if you purchase a service plan with an as is item that came with a manufacturer's warranty or was a last one item. These are questions that there's no method, for identifying who these people are absent individual inquiry. And if I can illustrate, if this case were to proceed to trial and plaintiff testified that I bought a service plan for an as is item and I meet all the class definitions criteria, and he gets the $5.29 back for his service plan that he purchased, the question is who else? Whose claim has he proven? We have a list of 3,500 people. There's no idea whose claim he's proven, whether any of these people have a similar set of facts. The only way you're going to answer that question is to conduct those individual investigations. Any other questions? The case was very well argued. We will take the matter under advisement. We thank counsel.